7. EQUITY, § 281*—*matters put in issue by replication to answer.* A general replication does not put at issue all the averments of the answer irrespective of their materiality or responsiveness to the bill, so that defendant is free to prove everything alleged in their answers.

8. EQUITY, § 438*—*right to introduce additional evidence on hearing of exceptions to master's report.* It is not error for the chancellor to refuse to permit a party to introduce further evidence upon a hearing of exceptions to a master's report.

9. EQUITY, § 418*—*power of master to rule on competency of evidence.* A master upon a reference to take and report proofs with conclusions of law and fact has power to pass upon the competency of the evidence presented where such authority is given by a rule of court.

10. EQUITY, § 396*—*amount of master's fees.* The concluding portion of section 20 of the Fees and Salaries Act, J. & A. ¶ 5621, relating to the fees of masters in Cook County, is not governed by the preceding portion of that section limiting the fees to ten dollars.

11. APPEAL AND ERROR, § 499*—*when correctnesss of amount of master's fees cannot be questioned.* Where the statement of the amount of the master's fees was attached to the master's report filed in the Circuit Court, the correctness of the amount of the fees cannot be questioned on appeal, where it was not challenged in the court below, and there is no assignment as error with reference thereto.

## Stanley Edward Johnson by Andrew Johnson, Appellant, v. Henry Dekker, Appellee.

### Gen. No. 19,397. (Not to be reported in full.)

Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed May 25, 1914.

### Statement of the Case.

Action by Stanley Edward Johnson, a minor, by Andrew Johnson, his next friend, against Henry Dekker to recover damages for personal injuries. The declaration alleges negligence in the manner in which

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

defendant loaded and piled bags of grain on his wagon, and in the manner of driving the wagon so loaded on the highway, so that a number of the bags fell off the wagon on plaintiff, a minor, then lawfully on the street. From a judgment entered on a directed verdict for defendant, plaintiff appeals.

JOHN C. TRAINOR, for appellant.

GUSTAV NELSON, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

NEGLIGENCE, § 204*—*when direction of verdict improper.* In an action to recover for injuries sustained by a six-year-old boy resulting from bags of grain falling off of a wagon upon him, where the evidence showed that plaintiff and another boy were going to a store to buy candy, that they walked behind defendant's wagon and for a time had hold of a chain hanging from the tailboard, and that when they came to the cross walk of an intersected street they let go of the chain and plaintiff started for the store walking on the cross walk and at that time several bags of grain fell off the rear end of the wagon upon him, *held* that the question whether defendant was negligent in piling bags on the wagon or in driving the wagon was a question for the jury, and that the court erred in directing a verdict for defendant.

---

## Atlas Floor Company, Defendant in Error, v. Robert J. McLaughlin, Plaintiff in Error.

### Gen. No. 19,420.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEIT-LER, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 25, 1914.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.